**IN UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**TINA PETTIS**                                                        **PLAINTIFF**

**vs.**                                   **Civil No. 1:21-cv-1009**

**KILOLO KIJAKAZI,**                                              **DEFENDANT**
**Acting Commissioner, Social Security Administration**

**MEMORANDUM OPINION**

      Plaintiff, Tina Pettis, brings this action pursuant to § 205(g) of Title II of the Social Security

Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying her application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

      The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.   ECF No. 8.   Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**    **Background:**

      Plaintiff protectively filed an application for SSI.   (Tr. 39)[1].   In her application, Plaintiff

alleged being disabled due to bipolar, severe depression, border line personality, restless leg

syndrome, and anxiety.   (Tr. 247).   Plaintiff alleged an onset date of December 21, 2012.   *Id.*

Plaintiff's application was denied initially and again upon reconsideration.   (Tr. 39).

---

1 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted.  (Tr. 120-182).  This hearing was held on February 6, 2020.  (Tr. 57-80).  At this hearing, Plaintiff was present, and represented by Greg Giles.  *Id*.  Plaintiff and Vocational Expert ("VE"), Sandra Vibbert testified at the hearing.  *Id*.

Following the administrative hearing, on March 27, 2020, the ALJ entered an unfavorable decision.  (Tr. 39-50).  In this decision, the ALJ found Plaintiff had not engaged in substantial gainful activity ("SGA") since May 17, 2018.  (Tr. 41, Finding 1).  The ALJ then determined Plaintiff had the severe impairments of bipolar disorder, anxiety, borderline personality disorder, and obesity.  (Tr. 42 Finding 2).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 42, Finding 3).

The ALJ considered Plaintiff's subjective complaints and determined her RFC.  (Tr. 44-48).  The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record.  *Id*.  The ALJ also determined Plaintiff retained the RFC to perform medium work except can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights or hazardous machinery; can perform work at a specific vocational preparation (SVP) level of one or two, with no fast-paced production work where the work should be performed in the same location every day; and can have occasional interaction with the general public, co-workers and supervisors.  *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 48, Finding 5).  The ALJ determined Plaintiff had no PRW.  *Id.*  However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform.  (Tr. 49, Finding 9).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of

2

(1) window cleaner with approximately 15,896 jobs in the nation, (2) dining room attendant with approximately 64,069 jobs in the nation, and (3) salvage laborer with approximately 35,343 jobs in the nation.   *Id*.   Based upon this finding, the ALJ determined Plaintiff had not been disabled since May 17, 2018.   (Tr. 50, Finding 10).

On February 3, 2021, Plaintiff filed the present appeal.   ECF No. 1.   Both Parties have filed appeal briefs.   ECF Nos. 17, 18.   This case is now ready for decision.

## 2.   <u>Applicable Law</u>:

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.   *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. §§ 423(d)(3), 1382(3)(c).   A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.   *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.   He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.   *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).   The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred (1) in the RFC determination, and (2) in discrediting the opinion of Plaintiff's therapist.   ECF No. 17, Pgs. 3-16.   In response, Defendant argues the ALJ did not err in any of her findings.   ECF No. 18.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.   *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).   Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.   The ALJ's decision must be affirmed if the record contains substantial evidence to support it.   *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003).   As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.   *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).   In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.   *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.   For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's

arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.   Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.   *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed.   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of May 2022.**

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE